Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 201118-120640
DATE: September 30, 2021

REMANDED

Entitlement to service connection for lumbar spine disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1963 to October 1967. 

An August 2017 rating decision denied service connection for a lumbar spine disability. The Veteran opted into Rapid Appeals Modernization Program (RAMP), selecting a higher-level review in November 2018. A December 2018 RAMP rating decision again denied service connection for a lumbar spine disability. In July 2019, the Veteran submitted a VA Form 10182 Notice of Disagreement (NOD), appeal to the Board and selected the hearing docket. Prior to Board adjudication, the Veteran submitted an additional supplemental claim in August 2019. In October 2020, VA service connection for a lumbar spine disability. In November 2020, the Veteran submitted a notice of disagreement to appeal to the Board and selected the direct review docket. 

An appellant may request to switch Board dockets under the AMA by completing a new VA Form 10182. The new Form 10182 must be received at the Board within one year from the date of the notice of the agency of original jurisdiction decision on appeal, or within 60 days of the date the Board receives the original Form 10182, whichever is later. 38 C.F.R. § 20.202 (c)(2). Accordingly, the November 2020 From 10182 is valid, and the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) October 2020 AMA rating decision on appeal. 38 C.F.R. § 20.301. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c); 38 U.S.C. § 7107(a)(2).

Entitlement to service connection for lumbar spine disability is remanded.

Although the Board regrets the delay, additional development is needed prior to further disposition of the claim of entitlement to service connection for a lumbar spine disability.

VA's statutory duty to assist the Veteran includes the duty to conduct a thorough examination so that the evaluation of the claimed disability will be a fully informed one. Green v. Derwinski,1 Vet. App. 121 (1991); Snuffer v. Gober, 10 Vet. App. 400 (1997). Assistance by VA includes providing a medical examination or obtaining a medical opinion when an examination or opinion is necessary to make a decision on a claim. 38 U.S.C. § 5103A (d); 38C.F.R. § 3.159 (c)(4).

The Veteran contends a current lumbar spine disability is directly related to service. 

The service medical records show the Veteran complained of a sore back in January 1968. A January 1969 separation examination notes the Veteran as having normal spine, lower extremity, and neurologic examination.

At a July 2017 VA examination, the examiner diagnosed degenerative arthritis of the spine, and noted the 2017 diagnoses of multilevel spondylosis and degenerative disc disease of the lumbar spine. The examiner opined that the claimed condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed injury, event, or illness in service. The examiner reasoned that after the January 1968 "sore back" note, the service medical records were silent for the low back including the two years after separation. There was no evidence of treatment after service until September 2016 by the veteran's primary care physician. The examiner opined that the January 1968 documented event in service was isolated in nature and had complete resolution during the Veteran's service because the current lumbar spine condition correlated with the normal and expected changes that occur secondary to the aging process, and the sore back documented in the 1968 note was not a specific diagnosis, it was a symptom that usually represented a transitory back condition that in most cases is self-limited. 

The Veteran has submitted an August 2019 private examination conducted by Dr. L.F., which appears to be a lumbar spine disability opinion. However, while parts of the examination report are legible, the majority, including the opinion, is illegible. Therefore, the Board finds the August 2019 private opinion to be illegible, and inadequate for adjudication purposes. However, the Veteran has not been informed that the report received is illegible and provided the opportunity to submit a legible copy of the report. That a pre-decisional error.

Because the Veteran may have a disability that is related to service, the Board finds that the Veteran should be provided a VA examination to determine the nature and etiology of any lumbar spine disability. On remand, an examination must be scheduled and an opinion as to the etiology of the Veteran's lumbar spine disability should be requested. McLendon v. Nicholson, 20 Vet. App. 79 (2006); 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4).

Remand by the Board imposes upon VA a duty to ensure compliance with the terms of the remand. Stegall v. West, 11 Vet. App. 268 (1998). When VA obtains an evaluation, the evaluation must be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). 

The matters are REMANDED for the following action:

1. Obtain a complete legible copy of an August 2019 lumber spine examination completed by Dr. L.F. Notify the Veteran that the report received was illegible and request that he submit a legible copy. If necessary, request that he sign a release and attempt to obtain a legible copy of the report from the physician.

2. Schedule the Veteran for a VA examination with a medical doctor who has not previously examined the Veteran in association with this claim, to determine the etiology of any lumbar spine disability, to include multilevel spondylosis, degenerative disc disease, and degenerative arthritis of the spine. The examiner must review the claims file, including this Remand, and the Veteran's lay statements, and must note that review in the report. All indicated tests and studies should be accomplished and the findings reported in detail. A clearly stated rationale for each opinion must be provided and cannot be based solely on the lack of any record in service. The examiner should reconcile the opinion with any previous opinions of record. After a review of the evidence, and examination of the Veteran, the examiner should diagnose all low back disabilities found. For each lumbar spine disability diagnosed, to include pain resulting in functional loss, the examiner must opine whether it is at least as likely as not (50 percent or greater probability) that each back disability is etiologically related to active service or any event, disease, or injury during service, including whether any back disability (1) began during active service, (2) manifested as arthritis within one year after separation from service, or (3) was noted during service with continuity of the same symptomatology since service. The examiner should cite to any evidence to support a finding of back disability within one year following separation from service. The examiner should also discuss the notation of complaint of a sore back during service. The Veteran and other lay persons are competent to report symptoms during and since service, and those reports must be acknowledged and considered in formulating the opinion. If the Veteran's or other lay person's statements are discounted, the examiner should provide a reason for doing so. The examiner should reconcile the opinion with the other opinions of record, to include the August 2019 private opinion and the July 2017 VA examination opinion.

 

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Sonya S. Tsao, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.